IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM ADAMS, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 1:18-cv-02245 GLR |
| JOHN SOKOL, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S RULE 26(a)(2) EXPERT WITNESS DESIGNATION

Defendant, by his attorneys, hereby designates the following experts pursuant to the Court's amended scheduling order and Rule 26(a)(2), Fed. Rules of Civil Procedure.

1. <u>Captain Richard DiNapoli</u>

Captain DiNapoli is a graduate of the United States Merchant Marine Academy and holds a Coast Guard issued license as Master and First-Class Pilot for vessels of any size. He has extensive first-hand knowledge and experience, especially within the tug/barge industry, of marine transportation operations in ocean, coastal and inland waters. On the basis of his training and experience, he is a recognized expert in marine transportation operations, including nautical sciences such as navigation, piloting, seamanship, shiphandling, rules of the road, meteorology, vessel stability and cargo handling.

Captain DiNapoli is expected to testify concerning the navigation and management of the vessels involved in the incident of July, 2015. His opinions will be based on his review of information concerning the incident received from the U.S. Coast Guard, including information contained in the Coast Guard report of the investigation of the incident.

2.     Philip L. Schneider, M.D.

Dr. Schneider is a medical expert in the field or orthopedic medicine. He is a board certified orthopedic surgeon with Montgomery Orthopedics, P.A. His full CV is attached as Exhibit 1 and his fee schedule is attached as Exhibit 2.

Dr. Schneider is expected to testify concerning the nature and extent of any injuries allegedly suffered by the Plaintiff as a result of the incident. His opinions will be based on his review of medical records received from treating physicians before and after the incident, as well as an examination of the Plaintiff. As no report has been received from the Plaintiff's orthopedic expert, Dr. Collier, and no specific opinion or opinions have been provided by Dr. Collier, the Defendant reserves the right to provide a report by Dr. Schneider setting out his opinions when the Plaintiff has provided a report of Dr. Collier's opinions.

3.     Michael K. Spodak, M.D., P.A.

Dr. Spodak is a medical expert in the field of psychiatry. He is board certified by the American Board of Psychiatry and Neurology, and maintains a private practice in psychiatry in Towson, Maryland. His full CV is attached as Exhibit 3 and his fee schedule is attached as Exhibit 4.

Dr. Spodak is expected to testify concerning the alleged psychological injuries claimed by the Plaintiff in this action, as well as the Plaintiff's pre-existing psychological condition. His opinions will be based on a review of the Plaintiff's medical and other records as well as an examination of the Plaintiff. As no report has been received from the Plaintiff's psychiatric expert, Dr. Siebert, the Defendant reserves the right to provide a report by Dr. Spodak setting out his opinions when the Plaintiff has provided a report of Dr. Siebert's opinions.

Defendant reserves the right to elicit expert opinions from any experts called by any other

party to this lawsuit and/or to rely on the expert opinions provided by any expert called by any other party to this lawsuit.

Defendant reserves the right to supplement, revise, or modify his Expert Witness Designation including, but not necessarily limited to, the identification of additional or new experts, based on the production of new evidence, which includes deposition testimony from any experts identified by Plaintiff, any treating doctors, the additional productions of medical records from the Mayo Clinic and other treating facilities, and any medical examinations of the Plaintiff.

At this time, the identified experts will testify to their findings, but have not produced a written report, because no Rule 26 reports have been provided by the Plaintiff.

If and when additional or different opinions are provided by Plaintiff's experts and/or those opinions are supplemented, amplified, or modified, Defendant further reserves his right to supplement, revise, or modify his Expert Witness Designations, including the identification of additional experts.

If and when any other party identifies additional experts, Defendant further reserves his right to supplement, revise, or modify his Expert Witness Designations, including the identification of additional experts.

Respectfully Submitted,

/s/ Robert P. O'Brien
Robert P. O'Brien, Esq. (#00003)
Bryant S. Green, Esq. (#19752)
NILES, BARTON & WILMER, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6300 (t)
(410-783-6363 (f)
rpobrien@nilesbarton.com
bsgreen@nilesbarton.com
*Attorneys for Co-Defendant, John Sokol*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June, 2019, a copy of the foregoing Expert Witness Designation was sent via electronic mail to the following:

Eugene E. Samarin, Esq.
Todd D. Lochner, Esq.
Lochner Law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, Maryland 21401
(410) 783-6300
Esamarin@boatinglaw.com
Tlochner@boatinglaw.com

Counsel for Plaintiff

/s/ Robert P. O'Brien

4812-6717-2505, v. 1