# NILES·BARTON&WILMER LLP

*Trusted Legal Advisors Since 1838.*

Bryant S. Green ♦ Associate
**Direct Dial:**  (410) 783 - 6421
**Fax:**  (410) 783 - 6478
**Email:**  bsgreen@nilesbarton.com
Admitted to Practice in Maryland
And the District of Columbia

November 15, 2019

<u>FILED VIA CM/ECF</u>
Hon. Deborah L. Boardman
United States District Court for the District of Maryland
101 West Lombard Street, Chambers 3C
Baltimore, Maryland 21201

Re:   *Letter in Response to DE 45 (Opposition to Request to Extend Discovery)*
      *Williams Adams v. John Sokol, et al.*
      Case No.:   1:18-cv-02245-GLR
      <u>Our File:       LIU/61793</u>

Dear Judge Boardman:

Forty-two minutes before the expiration of the fifth discovery deadline in this case, plaintiff wants yet another extension notwithstanding the fact that he has not served a single interrogatory, document request, subpoena, or otherwise meaningfully sought discovery.[1] Whether it be the failure to comply with Rule 26 (DE 31), the failure to comply with Rule 25 (DE 39), or the complete refusal to discover information at all, plaintiff's lack of diligence permeates this entire litigation. Now, with trial imminent, plaintiff wants to re-open discovery to undertake the investigation he should have been doing over the past four-and-a-quarter years.

A trial court may modify or amend a scheduling order only when "good cause" is shown and the court grants leave to modify. Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Indeed, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Tyndall v. Maynor*, 288 F.R.D. 103, 109 n.10 (M.D.N.C. 2013) (internal quotations omitted). Here, plaintiff's prosecution of this case is the exact antithesis of diligence and there is no good cause sufficient to extend discovery.

Plaintiff initiated litigation on March 19, 2018. Under the original scheduling order, discovery would have been concluded by January 24, 2019. DE 18. The parties, by consent,

---

[1] Yesterday plaintiff e-mailed interrogatories and document requests to undersigned counsel addressed to the estate of John Sokol. Those requests are, of course, a nullity because: 1) they were not served "at a sufficiently early time to assure that they are answered before the expiration of the discovery deadline set by the Court" L.R. 104(2); and 2) Under Rules 5, 33, and 34, they were not served on a "party" to the litigation.

Hon. Deborah L. Boardman
*Williams Adams v. John Sokol, et al.*
Case No.: 1:18-cv-02245-GLR
November 15, 2019
Page 2 of 2

extended the deadline until April 24, 2019. DE 21. Beginning in fall 2018, the defense investigated this claim with written discovery and depositions—plaintiff did nothing. In February of 2019, the parties requested an extension because—almost a year into the case, and over three-and-a-half years after the occurrence giving rise to this claim—the plaintiff had not produced, or even acquired, the medical records necessary to make a *prima facie* case. DE 27. Therefore, discovery was again extended until August 26, 2019. *Id.* Later, plaintiff's expert disclosure was due on May 13, 2019. DE 29. Just before the deadline, plaintiff requested an extension until May 15, 2019—undersigned counsel obliged. DE 31-1. On May 15, 2019, Mr. Adams provided an expert designation; but, for the reasons stated in DE 31, the designation was grossly deficient.[2] After arguing this issue, this Court accommodated the plaintiff by extending deadlines for the third time until October 25, 2019. Next, on September 30, 2019, the parties again agreed to extend discovery yet again for another 45 days so that the defense could take the depositions of the plaintiff's experts who were only disclosed in the untimely and deficient Rule 26 disclosure.[3] Therefore, the discovery deadline was extended for the fourth time until November 14, 2019—all the while plaintiff did nothing.

Now, plaintiff posits that the request to extend discovery is an altruistic attempt to accommodate the defense in acquiring a single document that is accessible by the plaintiff.[4] The actual motive is obvious—with trial imminent, plaintiff wants to do the discovery that he should have done over the past several years. If it would resolve this dispute, the defense will voluntarily withdraw the outstanding subpoena. Alternatively, plaintiff maintains that it is necessary to discovery information from the representative of the former defendant's estate. First—for reasons also attributable to plaintiff's lack of diligence (DE 39)—the estate is not a party to this litigation. Second, there is no relevant information the plaintiff could discover from the estate that he should not have discovered over the course of this litigation. Therefore, there is no "good cause" sufficient to justify extending the discovery deadlines, and the plaintiff's motion to extend discovery should be denied.

Respectfully Submitted,

Bryant S. Green, Esq.

cc:     All counsel of record (Via CM/ECF)                             4839-0466-2189, v. 1

---

[2] No expert reports were provided with the Rule 26 disclosure. In fact, not only had the reports not been included or drafted, but plaintiff's orthopedist would not see the plaintiff until June 12, 2019 (a month after his report was due); as of July 20, 2019 (over two months after his report was due) the plaintiff's psychologist had never even spoken to the plaintiff; and plaintiff did not even name a liability expert (which, had the defense not brought the issue to plaintiff's attention, would have warranted summary judgment).

[3] All the depositions would have taken place within the established discovery deadline. But, on October 11, 2019—the day of the plaintiff's psychologist's deposition, plaintiff presented a supplemental report containing new facts and opinions *just before the parties were about to go on the record*. The report articulated facts adduced during an evaluation done *almost two months prior to the disclosure*. Therefore, the defense insisted on postponing the deposition to review the report. Plaintiff similarly disclosed new evidence the eve of his liability expert's deposition.

[4] On November 7, 2019, the defense learned that the plaintiff's liability expert was a defendant in a fraud case that was settled. The witness refused to answer questions about it, so the same day the defense served a subpoena to learn about it. The evidence is relevant both substantively and for impeachment purposes.