# LOCHNER LAW FIRM, P.C.

DONNER BUILDING
91 MAIN ST., 4TH FLOOR
ANNAPOLIS, MARYLAND  21401

TODD D. LOCHNER — TLOCHNER@BOATINGLAW.COM
GREGORY R. SINGER — GSINGER@BOATINGLAW.COM
EUGENE E. SAMARIN — ESAMARIN@BOATINGLAW.COM
MELAINA D. HAISFIELD (OF COUNSEL)* — MHAISFIELD@BOATINGLAW.COM
CHRISTOPHER J. MCNALLY (OF COUNSEL)** — CMCNALLY@BOATINGLAW.COM

PHONE (443) 716-4400 | FACSIMILE (443) 716-4405
WWW.BOATINGLAW.COM

November 15, 2019

HON. DEBORAH L. BOARDMAN
MDD_DLBChambers@mdd.uscourts.gov
    Case No.: SAG-18-2245
    Our File No.: 15-149-01

Dear Hon. Boardman:

    This letter is made pursuant to your discovery order (ECF # 43) and follows up upon the November 14, 2019 Joint Letter. There are two nominal issues present which we require Court's intervention.

1. *November 7, 2019, counsel for decedent John Sokol served a subpoena duces tecum upon the plaintiff's expert. Plaintiff objects to and moves to quash the subpoena.*

    The discovery deadline was November 14, 2019. Per Fed. R. Civ. P. 26 affirmative discovery must be completed by this date. On November 7, 2019, Counsel for decedent John Sokol issued a subpoena to Kevin M. Murphy, Carr Maloney, P.C., who is the attorney for one of Plaintiff's designated expert's companies, in an unrelated case. The subpoena seeks the settlement agreement in that case.

    First, all discovery must be completed within the discovery deadline. Documents sought via subpoena *duces tecum* must be received before the conclusion of the discovery deadline. See *Potomac Elec. Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, fn. 8 (D. Md. 1999) *citing* Fed.R.Civ.P. 45; *Marvin Lumber and Cedar Co. v. PPG Industries, Inc.,* 177 F.R.D. 443 (D.Minn.1997) (Rule 45 subpoenas duces tecum are form of discovery and, therefore, subject to court's discovery deadline); *Rice v. United States,* 164 F.R.D. 556, 558 (N.D.Okl.1995) (same). The document production date is currently set for December 10, 2019. Thus the subpoena must be quashed.

    Second, the documents requested have absolutely no bearing on this matter. The case involving Kevin M. Murphy the subpoena recipient, involved one of John Martino's companies and is civil litigation not related to his expert work. Further, that case settled before going to trial, therefore no testimony was given in any capacity. Fed. R. Civ. P. 26(a)(2)(B)(v) requires that Plaintiff only disclose cases in which Cpt. Martino testified as an expert witness. Therefore, the documents sought are not discoverable nor calculated to lead to any admissible information.

    For these reasons, a subpoena to Kevin M. Murphy, Carr Maloney, P.C., must be quashed.

    There was also a second subpoena to a Florida entity which was similarly not appropriate for all the same reasons and case law cited supra but it was "withdrawn" yesterday afternoon. Opposing Counsel's text is in red and undersigned's email text is in black:

> Just to memorialize your agreement to withdraw the DOC subpoena. You agree to withdraw the subpoena <span style="color:red">Yes, in fact, there is currently no outstanding subpoena to the DOC . . .</span>
>
> . . You agree that DOC documents which may be provided under the belief that the subpoena is valid will not be admissible at trial or relied upon by your experts. <span style="color:red">Yes, with the caveat that documents which may be provided, but not under the belief that the subpoena is valued [sic], will be admissible at trial and relied upon by our experts.</span>

\* Barred in Florida, Texas and District of Columbia
\*\* Barred in Rhode Island and Massachusetts

Undersigned has no idea what is meant by the second red line however; I bring it to your attention in case we need to preserve the discovery argument since it appears that our course of action might be a motion in limine if the subpoena was already complied with therefore "withdrawn."

    *2. Plaintiff's counsel proposed an extension of the discovery date until January 1, 2019. Counsel for the Defendant has refused the proposal.*

This case is currently in a holding pattern as to identities of parties as the Court decides Plaintiff's Motion to Amend Complaint (ECF #36) and Motion to for Leave to Substitute (ECF #41). When Mr. Sokol passed, he ceased to be a party and the representation of decedent's counsel ended with his death. *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985). Thus while the motions are pending, there is no one to serve any discovery upon.

Plaintiff's counsel admits that it did not serve John Sokol discovery before his death in February 2019. Adopting Defendants' previously briefed reasoning, after his death there was no one to serve. To preserve his rights, Plaintiff served via hand delivery the attorney for the estate of John Sokol, with instructions not to answer until 30 days after the Court's ruling.

In spirit of cooperation, Plaintiff allowed counsel for the decedent to continue participating in this case and even agreed to allow a deposition to take place after the discovery deadline. Sensing the issues given no order has come from the Court yet on the inclusion of the estate as a party, counsel proposed to extend the discovery deadline until January 1, 2019 (which is 47 days from the date the current deadline). This was simply rejected outright as well as all other offers to address both the subpoena issues and the fact that the personal representative is not yet a party. Requests for a rule 104.7 conference were rejected as well, though counsel for the decedent continued to communicate via email.

The delay and the motions practice was caused solely by counsel for the decedent refusing to provide the information for the personal representative. See Motion for Leave to Substitute (ECF #). Further, on November 21, 2019, Plaintiff must serve Requests for Admissions, and it is unclear if counsel for the decedent would accept such service.

Fed. R. Civ. P. 16 requires good faith to modify a scheduling order. Here the delay is caused by the Personal Representative not being party at this time. This delay was solely caused by counsel for the decedent withholding the information about the personal representative until it suited them to release it despite promises to the contrary. All of these points are briefed and before the Court. At this point, if counsel for the decedent objects to any modification of the scheduling order or to even have a Rule 104.7 conference, Plaintiff requests determination as to:

1. When responses by Matt Sokol, personal representative for the estate are due?
2. Upon who should the Plaintiff serve the requests for Admission?

Having now had various shorter offers to extend discovery to solve Defendant's late service of subpoenas and one day late deposition occur within the rules, the undersigned really has no idea what Defendant is arguing about at all. Therefore, since the Defendant's has not responded positively to any offers from the Plaintiff to fix largely the Defendant's own issues, and in the spirit of avoiding surprise at trial, streamlining the litigation process and in furtherance of Fed. R. Civ. P. 1, we ask this Court to extend the discovery deadline until January 1, 2019. I apologize that you need to deal with any of this as I find it embarrassing for all counsel.

                                            Very truly yours,
                                            /S Todd D. Lochner

Cc: Defendant Counsel                           Todd D. Lochner, Esq. (Bar Id. 25691)
                                                          Lochner law Firm, P.C.

91 Main Street, 4th Floor
Annapolis, Maryland 21401
(410) 716-4400
tlochner@boatinglaw.com
*Counsel for Plaintiff Adams*
