IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM ADAMS,

        Plaintiff,

v.                                                     Civil Case No.: SAG-18-2245

JOHN SOKOL, *et al.*,

        Defendants.

## MEMORANDUM OPINION

Plaintiff William Adams filed a Complaint against Defendants John Sokol and Vulcan Materials, Co. ("Vulcan"), claiming damages for injuries he sustained in a boating accident. ECF 1-1. Adams subsequently dismissed his claims against Vulcan, with prejudice. ECF 26, 28. On June 3, 2019, counsel for Sokol filed a "Suggestion of Death," which indicated that Sokol had passed away. ECF 30. Currently pending is Adams's Motion for Leave to Amend Complaint to substitute the personal representative of Sokol's estate as the defendant, ECF 36, Sokol's Motion to Dismiss the Complaint, ECF 39, and Adams's Motion for Leave to Substitute Party Under Fed. R. Civ. P. 6, ECF 41. I have reviewed those Motions, and the Oppositions and Replies thereto. ECF 39, 40, 42. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Adams's Motion for Leave to Amend will be granted, Sokol's Motion to Dismiss will be denied, Sokol's alternative request that the Court limit the potential amount of the judgment recoverable against the estate will be denied without prejudice, and Adams's Motion for Leave to Substitute Party will be denied as moot.

**I.    FACTUAL BACKGROUND**

On July 23, 2015, Adams and Sokol were aboard a sailboat owned by Sokol. ECF 1-1, ¶¶ 9-10, 13. While Sokol operated the sailboat, it collided with a towing vessel operated by Vulcan. *Id.* ¶¶ 17, 19, 30. As a result of the collision, Adams fell overboard into the water, and suffered significant injuries. *Id.* ¶¶ 34-38.

Adams filed this lawsuit in the Circuit Court of Maryland for Baltimore City on June 5, 2018. ECF 1-1. Sokol subsequently removed the case to this Court. ECF 1. On June 3, 2019, counsel for Sokol filed a "Suggestion of Death," which indicated that Sokol had passed away. ECF 30 at 1. The Certificate of Service attached to the Suggestion of Death indicates that it was served only on Adams's counsel and Vulcan's counsel. *Id.* at 2.

On September 23, 2019, Adams filed a Motion for Leave to Amend Complaint, seeking to substitute "Matt Sokol, Personal Representative of the Estate of John Sokol," as a party. ECF 36 at 1. The defense opposed that motion, and filed its own Motion to Dismiss pursuant to Federal Rule of Civil Procedure 25, citing Adams's failure to seek substitution of the defendant within ninety days of the Suggestion of Death. ECF 39; ECF 39-1 at 2-7 (Memorandum in Support). In response, Adams also filed a motion for leave to substitute party pursuant to Rule 6, arguing excusable neglect for missing the deadline. ECF 41; ECF 41-1 at 3-7 (Memorandum in Support).

**II.    ANALYSIS**

    **A.    Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 25**

Defendant seeks dismissal of the case pursuant to Federal Rule of Civil Procedure 25, which provides, in relevant part:

(a) Death

(1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion

> for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

As to service, the Rule provides:

> (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

The defense contends that because the statement noting the death was filed and served on June 3, 2019, and Adams did not move for substitution within ninety days after service, Rule 25 requires dismissal of the action. ECF 39-1 at 2-7.

Despite the defense's position, Fourth Circuit precedent establishes that the statement of death was improperly served in this case. In *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985), the Court found service of a suggestion of death inadequate to trigger the ninety-day substitution period in Rule 25. Specifically, the Court determined, "Where, as here, a personal representative has been appointed following the death of a party, the suggestion of death must be personally served on that representative." *Id.* at 961. The Fourth Circuit noted that Rule 25's reference to service "on nonparties as provided in Rule 4" evidently refers to the "successors or representatives of the deceased party."[1] *Id.* at 962.

The instant case is factually distinguishable from *Fariss* in that the unserved personal representative in *Fariss* sought substitution as the plaintiff, while here, the appropriate party to substitute is the defendant. *See id.* However, the principle behind requiring the party serving the suggestion of death to "shoulder the burden" of identifying and serving the nonparty representative

---

[1] Although *Fariss* considered a prior version of Rule 25 that has been since modified in some of its language, the substantive terms remain the same.

3

remains the same, regardless of the decedent's role in the litigation. *See id.* The Fourth Circuit's common-sense requirement eliminates the predicament facing Adams's counsel in this case, which is the need to rely upon opposing counsel to identify or to provide information about the personal representative of the estate, in order for the case to proceed. In this case, in particular, Sokol's ownership of property in several states complicated Adams's ability to locate the estate and to ascertain the identity of the personal representative. *See* ECF 41-1 at 5-6. Without making any determination as to whether defense counsel strategically withheld the identity of Sokol's personal representative until shortly after the ninety-day substitution period expired, requiring counsel to serve the suggestion of death on the personal representative, as the Fourth Circuit required in *Fariss,* eliminates the possibility of other litigants using a party's death to obtain a tactical advantage. *See* 769 F.2d at 961-62.

Because the defense did not properly serve the suggestion of death on Sokol's personal representative, the ninety-day substitution period has not run, and the motion to dismiss will be denied.

### B.     Motion for Leave to Amend/Motion to Substitute Party

In his two motions, Adams seeks to amend his Complaint to substitute Matt Sokol, the representative of Sokol's estate, as the defendant in lieu of Sokol. ECF 36, 41. Federal Rule of Civil Procedure 15(a)(2) governs amendment of pleadings, and instructs that leave to amend "shall be freely given when justice so requires." *See also Laber v. Harey*, 438 F.3d 404, 425 (4th Cir. 2016) (noting that liberal allowance of pleading "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities"). Nevertheless, amendment can be denied where it prejudices the opposing party. *Laber*, 438 F.3d at 426-27.

4

Here, the defense makes no colorable claim of prejudice that it has suffered as a result of the roughly three-week delay between the expiration of the substitution period and Adams's filing of his Motion for Leave to Amend the Complaint.[2] Instead, the defense takes the position that prejudice is not among "relevant considerations with respect to Rule 25's mandatory dismissal." ECF 39-1 at 4. As addressed above, this case is not subject to mandatory dismissal under Rule 25. Accordingly, in the absence of prejudice, leave to amend the complaint shall be freely given, to permit adjudication of Adams's claim on its merits.

Although this Court need not reach the issue in light of its rulings above, it would also be appropriate to extend the ninety-day deadline for "excusable neglect" under Rule 6(b). Adams's counsel promptly pursued the information needed to file for substitution of parties, and received no indication that defense counsel would not provide it. *See, e.g.*, ECF 39-3 at 3 (May 15, 2019 email asking defense counsel to identify the personal representative); ECF 41-3 at 3 (June 3, 2019 email asking for identification of the personal representative to permit amendment of the Complaint); ECF 40-1 at 2 (listing a series of additional conversations during which defense counsel confirmed an intent to disclose information about the estate). In this case, applying the factors to be considered to determine excusable neglect, there is no prejudice to the defendant from the brief delay, no impact on judicial proceedings, and good faith demonstrated by Adams. *See In re Am. Nurses Ass'n,* 643 F. App'x 310, 313 (4th Cir. 2016) (listing relevant factors). While Adams possibly could have taken additional steps to preserve his rights, including filing a preemptive motion to extend time while awaiting identification of the personal representative, the relevant factors weigh in favor of finding excusable neglect. Because of my ruling granting

---

[2] Ninety days from the filing of the Suggestion of Death would have been September 2, 2019. Defense counsel identified the personal representative for the first time on September 13, 2019, ECF 41-3 at 5, and Adams filed his Motion for Leave to Amend on September 23, 2019.

Adams's Motion for Leave to Amend, though, his subsequent Motion for Leave to Substitute Party, ECF 41, will be denied as moot.

### C. Defendant's Alternative Request that the Court Limit Liability

In the alternative to his Motion to Dismiss, Sokol's counsel requests that this Court opine as to the limits of his estate's overall exposure, if liability is found. ECF 39-1 at 7-9. This Court declines to address that issue at this stage of the litigation. Given the existing $500,000 insurance policy in this case, there is a possibility of either a defense verdict, or a verdict for Plaintiff in an amount less than $500,000. In either case, this Court would not need to determine whether a verdict exceeding the liability insurance policy limits would be recoverable from Sokol's estate. In the interest of judicial efficiency, the question will be addressed, if necessary, only after a verdict in excess of $500,000.

### III. CONCLUSION

For the reasons set forth above, this Court shall grant Adams's Motion for Leave to Amend, deny Sokol's Motion to Dismiss, deny Sokol's request that the Court limit the potential amount of the judgment without prejudice, and deny Adams's Motion for Leave to Substitute Party as moot. A separate implementing Order follows.

Dated: November 22, 2019 /s/
Stephanie A. Gallagher
United States District Judge