# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM ADAMS, | * |
| *Plaintiff*, | * |
| v. | * |
| MATT SOKOL, As Personal Representative of the Estate of John Sokol | * CASE NO.: 1:18-cv-02245-GLR |
| *Defendants*. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## FIRST AMENDED COMPLAINT

NOW COMES William Adams ("Adams"), hereinafter "Plaintiff," by and through their attorney Todd D. Lochner, Esq., Eugene E. Samarin, and the Lochner Law Firm, P.C. and hereby amends its complaint for Negligence and Negligent Infliction of Emotional Distress against Defendant The Estate of John Sokol ("Sokol"), and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff Adams is a resident of the State of Florida who was injured by the negligence of the Defendant.

2. Defendant Sokol was a resident of the State of New York and was the operator the S/V HAVEN.  Mr. Sokol is now deceased and a personal representative has been appointed to represent his interest in the litigation; that representative was first identified to the Plaintiff on September 13, 2019. As of the date of this amendment, Plaintiff has not been served with any process as required by *N.Y. Surrogate Procedures Act Law § 307 (McKinney 2019).*

3. Upon information and belief, Matt Sokol, hereinafter as "Personal Representative", was appointed as Personal Representative. The Personal Representative is a resident of Connecticut.

1

4. This matter was removed by Defendant Sokol pursuant to 28 U.S.C.A §1441(b).

**FACTS COMMON TO ALL COUNTS**

5. Plaintiff incorporates by reference each of the allegations set forth in paragraphs 1 through 3 above as if fully set forth herein.

6. In the early morning hours of July 23, 2015, Defendant Sokol was operating the sailing vessel *HAVEN*, on the Chesapeake Bay, approximately five nautical miles south of the Bay Bridge. Vulcan Materials Co., ("Vulcan") was operating the M/V CAPT HENRY KNOTT that was engaged in the pushing operation of a barge in the same area at the same time.

7. Upon information and belief, the sailing vessel HAVEN, hereinafter "Sailboat", USCG Documentation Number 597357, is a 38-foot Alajuela pleasure yacht owned and operated by Defendant Sokol at all relevant times.

8. Upon information and belief, the motor vessel *CAPT HENRY KNOTT*, hereinafter "Tug", USCG Documentation Number 525491, is a 76.5-foot towing vessel owned by Chesapeake Marine Partnership and operated by Vulcan at all relevant times.

9. At approximately 11:00 PM on July 22, 2015, Sailboat was proceeding North under power on its way from Buford, North Carolina to Annapolis, Maryland. A change of watch occurred, with Plaintiff relieving Defendant Sokol of the helm.

10. Plaintiff operated the sailboat from approximately 11:00 PM to 4:45 AM, while Defendant Sokol was below.

11. The Captain of the Tug picked up the Sailboat on its Automatic Identification System, hereinafter "AIS".

12. Shortly thereafter, the Captain of the Tug visually saw the Sailboat heading towards the Tug.

Case 1:18-cv-02245-SAG   Document 36-2   Filed 09/23/19   Page 3 of 11

13. At 4:41 AM the two vessels were approximately 3.5 miles apart and proceeding on nearly reciprocal courses.

14. The courses of the two vessels created a possible meeting situation.

15. At that time the vessels were not on a collision course and the S/V Henry was positioned at on the extreme western limit of the navigable water way and proceeding on a course of 015 T and making approximately 4.5 knots.

16. At approximately 4:45 AM on July 23, 2015, Defendant Sokol relieved Plaintiff of the helm.

17. At the change of watch, Plaintiff identified the Tug on the Sailboat's AIS to Defendant Sokol.

18.

19. Just before 4:45 AM on July 23, 2015, the tug was proceeding South along the western side of the channel on its way from Havre De Grace, Maryland to Norfolk, Virginia.

20. At the same time, the sailboat was proceeding North along the western side of the channel.

21. The course of S/V *HAVEN* and the Tug created a passing situation.

22. Defendant Sokol did not see the Tug approaching.

23. The Captain of the Tug claims that he was unable to contact the *HAVEN* via VHF even though the Sailboat communicated a safe passing with another vessel earlier that day.

24. Between 4:45 AM and the collision, Defendant Sokol made several course changes, as follows:

    a. 4:50 AM: Defendant Sokol turns 6 degrees starboard toward the Tug.

    b. 4:55 AM: Defendant Sokol reduces speed.

    c. 4:56 AM: Defendant Sokol makes an additional 4 degree turn towards Tug.

Case 1:18-cv-02245-SAG   Document 36-2   Filed 05/23/19   Page 4 of 11

    d. 4:56:30 AM: Defendant Sokol turns 11 degrees port.

    e. 4:57 AM: Defendant Sokol increases speed and turns 16 degrees starboard.

    f. 4:57:30 AM: Defendant Sokol turns 10 degrees port.

    g. 4:58 AM: Defendant Sokol makes an abrupt turn to starboard.

    h. 4:58 AM: Collision.

25. At 4:55 AM, the Tug shined a spotlight at the Sailboat to get Sokol's attention.

26. At 4:57 AM, the Tug blew 5 horn blasts, as required by the Inland Rules.

27. Prior to collision, in order to avoid S/V *HAVEN*, the Tug altered course by 15 degrees to port.

28. At the same time, Defendant Sokol maneuvered the sailboat to starboard to avoid "two vessels" which he saw on the AIS.

29. Per the location of the casualty, the area created a potential Narrow Channel situation, which required the S/V *HAVEN* to stay clear of the Tug.

30. Per the Inland Rules, Defendant Sokol was the Stand-On-Vessel, and was required to maintain her course and speed.

31. If Defendant Sokol maintained his course and speed, S/V *HAVEN* and the Tug would have passed each other without collision.

32. Alerted by the commotion, Plaintiff emerged from below to join Defendant Sokol on deck.

33. At approximately 4:58 AM AM, just as Plaintiff was exiting the companionway from below decks, the tug collided with the port side of the sailboat along its midships, rolling the Sailboat 40 degrees onto its starboard side.

34. At the time of the collision, Plaintiff was just emerging onto the deck of the sailboat.

35. As a direct and proximate result of the collision, Plaintiff was thrown from the sailing

4

vessel *HAVEN* into the water.

36. As a direct and proximate result of the collision and ejection, Plaintiff suffered severe physical injuries as well as mental and emotional trauma.

37. Since the collision, Plaintiff has received extensive treatment related to these injuries and he remains in recovery.

38. Those injuries include, but not limited to, his head, neck, back, leg, and ongoing psychological and emotional trauma.

39. Plaintiff is suffering from physical manifestations of emotional distress including, but not limited to, nightmares, post-traumatic stress and fear.

40. Plaintiff suffered damages for past and future medical expenses, pain and suffering, past and future lost earnings, loss of enjoyment of life, and emotional distress in excess of Seventy-Five Thousand Dollars ($75,000.00 USD) to be proven at trial.

### COUNT I:  NEGLIGENCE
### (DEFENDANT SOKOL)
*Violations of Inland Navigation Rules*

41. Plaintiff re-allege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

42. The defendant owed Plaintiff a duty of care to operate his vessel in a safe, reasonable, and prudent manner, in accordance with state and federal vessel safety regulations.

43. The course of S/V *HAVEN* and the Tug created a crossing situation under Rule 15 of the Inland Navigation Rules, 33 C.F.R. § 83.15.

44. Defendant Sokol breached that duty when he operated his vessel in a negligent and careless manner on or about July 23, 2015, as follows:

    a. By failing to keep a proper lookout when he failed to keep track of the Tug on the AIS after being made aware of the Tug's location as required by Rule 5 of the Inland

5

Case 1:18-cv-02245-SAG   Document 36-2   Filed 09/23/19   Page 6 of 11

Navigation Rules, 33 C.F.R. § 83.05.

b. By failing to operate the vessel at a safe speed at night which would allow the Sailboat to take proper and effective action to avoid a collision as required by Rule 6 of the Inland Navigation Rules, 33 C.F.R. § 83.06.

c. By failing to operate the vessel at a safe speed at night which would allow the Tug to take proper and effective action to avoid a collision as required by Rule 6 of the Inland Navigation Rules, 33 C.F.R. § 83.06.

d. By failing to respond to the Tug via visual and/or auditory signal as required by Rule 34 of the Inland Navigation Rules, 33 C.F.R. § 83.34.

e. By failing to alter course as required by Rule 8(a) of the Inland Navigation Rules, 33 C.F.R. § 83.08.

f. By failing to alter course as required by Rule 8(b) of the Inland Navigation Rules, 33 C.F.R. § 83.08.

g. By failing to stay clear of the Tug as required by Rule 9(a) of the Inland Navigation Rules, 33 C.F.R. § 83.09.

h. By failing to stay clear of the Tug as required by Rule 9(b) of the Inland Navigation Rules, 33 C.F.R. § 83.09.

i. By failing to maintain course and speed as required by Rule 17 of the Inland Navigation Rules, 33 C.F.R. § 83.17, Defendant Sokol violated Rule 15 of the Inland Navigation Rules, 33 C.F.R. § 83.15.

j. As a stand on Vessel, by turning into the Tug, Defendant Sokol violated Rule 17 of the Inland Navigation Rules, 33 C.F.R. § 83.17.

k. By operating a vessel negligent or reckless manner to endanger the life, limb, or property of any person as prohibited by COMAR 08.18.01.05.

6

45. Per the location of the casualty, the area created a potential Narrow Channel situation, which required the S/V *HAVEN* to stay clear of the Tug.

46. Per the Inland Rules, Defendant Sokol was the Stand-On-Vessel, and was required to maintain her course and speed.

47. But for Defendant Sokol's erratic and sudden maneuvers, S/V *HAVEN* and the Tug would not have collided with one another.

48. But for the negligent operation of the Sailboat, the collision would not have occurred.

49. As a direct and proximate result of this breach, Plaintiff suffered damages for past and future medical expenses, pain and suffering, past and future lost earnings, loss of enjoyment of life, and emotional distress in excess of Seventy-Five Thousand Dollars ($75,000.00 USD) to be proven at trial.

WHEREFORE, Plaintiff respectfully request judgment against Defendants Vulcan and Sokol, jointly and severally:

  A. Award the Plaintiff damages for past and future medical expenses, pain and suffering, past and future lost earnings, loss of enjoyment of life, and emotional distress in excess of Seventy-Five Thousand Dollars ($75,000.00 USD) to be proven at trial; and

  B. Granting Plaintiff such other and further relief as the justice of its case may require, including pre and post-judgment interest together with the costs and disbursements of this action.

### COUNT II: NEGLIGENCE
### (DEFENDANT SOKOL)
*Breach of Duty to a Passenger*

50. The Plaintiff re-allege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint as if fully set forth

7

Case 1:18-cv-02245-SAG   Document 36-2   Filed 09/23/19   Page 8 of 11

herein.

51. The defendant owed Plaintiff a duty of reasonable care under the circumstances because the Plaintiff was a passenger on the Sailboat at the time of the collision.

52. Defendant Sokol breached that duty when he operated his vessel in a negligent and careless manner on or about July 23, 2015, which resulted in a casualty between the Sailboat and the Tug.

53. Defendant Sokol breached his duty when he failed to warn Plaintiff of the imminent collision.

54. But for the negligent operation of the Sailboat, the collision would not have occurred.

55. But for Sokol's failure to warn, Plaintiff would have had time to brace himself or put on a life jacket, or come on deck sooner.

56. As a direct and proximate result of this breach, Plaintiff suffered damages for past and future medical expenses, pain and suffering, past and future lost earnings, loss of enjoyment of life, and emotional distress in excess of Seventy-Five Thousand Dollars ($75,000.00 USD) to be proven at trial.

WHEREFORE, Plaintiff respectfully request judgment against Defendants Vulcan and Sokol, jointly and severally:

   A. Award the Plaintiff damages for past and future medical expenses, pain and suffering, past and future lost earnings, loss of enjoyment of life, and emotional distress in excess of Seventy-Five Thousand Dollars ($75,000.00 USD) to be proven at trial; and

   B. Granting Plaintiff such other and further relief as the justice of its case may require, including pre and post-judgment interest together with the costs and disbursements of this action.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
*General Maritime Law*

57. The Plaintiff re-allege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint.

58. Plaintiff observed the oncoming light of the Tug, and he was also physically impacted by the Tug.

59. Plaintiff suffered physical injuries as a result of the collision.

60. At all relevant times, Plaintiff was within the zone of danger of the harm and was placed in immediate risk of physical harm by Defendants' conduct, and was not only threatened, but actually, physically injured by Defendants' negligence.

61. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious, permanent injuries and damages.

62. Plaintiff's emotional distress was foreseeable and directly caused by Defendants' negligent, reckless, willful and/or wanton conduct, including in particular but not limited to those enumerated in the other counts of this Complaint which are incorporated herein.

63. The Defendants' acts detailed above were committed wantonly, willfully, with reckless and/or callous disregard for the safety and rights of others, including specifically Plaintiff.

64. Plaintiff is suffering from physical manifestations of emotional distress including, but not limited to, nightmares, post-traumatic stress and fear of being on any vessel.

WHEREFORE, Plaintiff respectfully request judgment against Defendants Vulcan and Sokol, jointly and severally:

 A. Award the Plaintiff damages for past and future medical expenses, pain and suffering, past and future lost earnings, loss of enjoyment of life, and emotional

  distress, in excess of Seventy-Five Thousand Dollars ($75,000.00 USD) to be proven at trial; and

B. Granting Plaintiff such other and further relief as the justice of its case may require, including attorney's fees and costs, prejudgment interest, post judgment interest, punitive damages as available under the General Maritime Law, and any other costs or relief this court deems appropriate.

## JURY TRIAL

Plaintiff request a trial by jury on all of their claims.

*/ Todd D. Lochner*
Todd D. Lochner, Esq. (# 25691)
Lochner law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, Maryland 21401
(410) 716-4400
tlochner@boatinglaw.com

*/S Eugene E. Samarin*
Eugene E. Samarin, Esq. (# 19612)
Lochner law Firm, P.C.
91 Main Street, 4th Floor
Annapolis, Maryland 21401
(410) 716-4400
esamarin@boatinglaw.com

*Counsel for Plaintiff Adams*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of September, 2019, a copy of the foregoing First Amended Complaint was sent via the Court's electronic filing system and mailed first class to:

Robert P O'Brien, Esq. (#00003)
Bryant S. Green, Esq. (#19752)
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400

10

Baltimore, MD 21202
(410) 783-6300
rpobrien@nilesbarton.com
bsgreen@nilesbarton.com

*Counsel for Defendant Sokol*

                                        */S Eugene E. Samarin*
                                        Eugene E. Samarin, Esq. (# 19612)

                                        *Counsel for Plaintiff Adams*