IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM ADAMS, | § |
| *Plaintiff*, | § |
| v. | § |
| MATT SOKOL | § |
| | § Civil Action No.: 1:18-cv-02245-GLR |
| *Decedents*. | § |

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT II**

**I.     Introduction**

William Adams, hereinafter "Adams", was a guest aboard the Sailing vessel *HAVEN*, a 38-foot Alajuela pleasure sailing yacht bearing USCG Documentation Number 597357. Decedent John Sokol, hereinafter "Sokol" was at all times material hereto the owner and master of *HAVEN*. On or about July 23, 2015, the sailing vessel Haven did collide with the *CAPT HENRY KNOTT*, hereinafter "Tug", bearing USCG Documentation Number 525491 causing Adams to suffer serious bodily injury and emotional distress as a result of the collision. On or about March 15th 2018 Plaintiff did file the present case for personal injury.

There is no genuine issue of material fact that Adams was a guest aboard the *HAVEN* and that *HAVEN* was under the command and control of Decedent Sokol prior to and at the time of the Collision. Further there is no genuine issue of material fact that Sokol did not have a masthead light and that he did not sound. These facts are undisputed and supported by documents and the Court record, allowing only one conclusion: Decedent Sokol violated the Inland Rules of Navigation, specifically Rule 22 (Failure to Illuminate a Masthead light while operating a sailing vessel under power) 33 C.F.R. § 83.22 and Rule 34

(specifying the manner and timing of sounding). On these points Plaintiff is entitled to judgment as a matter of law and humbly requests that this Court grant it partial summary judgment on Count II of the Verified Complaint and declare Partial Summary Judgment for Plaintiff Adams and against Decedent Sokol on these limited issues, given that there are no genuine issues of material fact and Adams is entitled to judgment as a matter of law.

## II.   Undisputed Material Facts

The following material facts are not genuinely disputed by the parties:

1. In the early morning hours of July 23, 2015, Decedent Sokol was operating the sailing vessel *HAVEN*, on the Chesapeake Bay, approximately five nautical miles south of the Bay Bridge. *Report of Fisher Maritime Consulting Group, Exhibit 1*.

2. The Defendant Vulcan was operating the Tug that was engaged in the pushing operation of a barge in the same area at the same time. *Report of Fisher Maritime Consulting Group, Exhibit 1*.

3. At approximately 4:45 AM on July 23, 2015, Decedent Sokol relieved Plaintiff at the helm of *HAVEN* and assumed the watch. *Deposition of Richard DiNapoli, November 7, 2019, 121:16-19, Exhibit 2*.

4. Just before 5:00 AM on July 23, 2015, the tug was proceeding South along the western side of the channel. *Report of Fisher Maritime Consulting Group, Exhibit 1*.

5. At the same time, the sailboat was proceeding North along the western side of the channel. *Report of Fisher Maritime Consulting Group, Exhibit 1*.

6. Decedent Sokol failed to respond to the Tug via visual and/or auditory signal as required by Rule 34 of the Inland Navigation Rules, 33 C.F.R. § 83.34. *Report of Fisher Maritime Consulting Group, Exhibit 1*.

7. Decedent Sokol failed to properly illuminate the *HAVEN's* Masthead light as required by Rule 22

the of the Inland Navigation Rules, 33 C.F.R. § 83.22. *Deposition of John Martino, November 7, 2019, 65:13-17, Exhibit 3*.

8. Decedent Sokol and failed to sound the appropriate sound signals for a vessel navigating Inland waters as required by Rule 34 of the Inland Navigation Rules, 33 C.F.R. § 83.34. *Deposition of Richard DiNapoli, November 7, 2019, 156:11-18; 157:4-22-158:1-13, Exhibit 2*.

9. At approximately 5:00 AM, just as Plaintiff was exiting the companionway from below decks, the tug collided with the port side of *HAVEN*. *Report of Fisher Maritime Consulting Group, Exhibit 1*.

10. Around the time of the collision, Plaintiff was just emerging onto the deck of the sailboat. *Answer of John Sokol, ¶30 (ECF #6)*.

11. As a direct and proximate result of the collision and ejection, Plaintiff suffered severe physical injuries as well as mental and emotional trauma. *Reports of Dr. Schneider and Dr. Spodak, Exhibits 4 & 5*.

12. Since the collision, Plaintiff has received extensive treatment related to these injuries. *Reports of Dr. Schneider and Dr. Spodak, Exhibits 4 & 5*.

13. Plaintiff's injuries include, but not limited to, his head, neck, back, leg, and psychological and emotional trauma. *Reports of Dr. Schneider and Dr. Spodak, Exhibits 4 & 5*.

14. Plaintiff is suffering from physical manifestations of emotional distress including, but not limited to, nightmares and post-traumatic stress. *Report of Spodak, Exhibits 5*.

### III. Standard of Review
#### a. Summary Judgment

Summary judgment should be granted only where "it is perfectly clear that there is no dispute about either the facts of the controversy or the inferences to be drawn from such facts." *Morrison v. Nissan Co.*, 601 F.2d 139, 141 (4th Cir. 1979) (citing *United States v. Diebold, Inc*. (1962) 369 U.S. 654, 655). In considering the motion, the Court "must consider the facts and draw its inferences in the light

most favorable to the party opposing the motion." *Parker v. Davis*, 900 F. Supp. 788, 791 (D. Md. 1995) (citing *Tuck v. Henkel Corp.,* 973 F.2d 371, 374 (4th Cir.1992)).  In asserting that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record" to show that the fact is or cannot be genuinely disputed.  Rule 56(c)(1)(A).  Summary judgment may only be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Guessous v. Fairview Prop. Investments, LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (emphasis in original) (citing Fed. R. Civ. P. 56(a).

Under this standard, the Court may grant Adams's motion for partial summary judgment if Adams meets his burden of showing there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law.  The undisputed facts above show that the Court can enter judgment as a matter of law on Count II of the Verified Complaint in favor of Plaintiff and enter judgment as a matter of law for Adams as he is entitled to judgment as a matter of law.

## IV. Legal Argument
### a. SOKOL violated 33 C.F.R. § 83.22 and 33 C.F.R. § 83.34

The failure to display appropriate required navigational lights or sound required sound signals are violations of statutory rules intended to prevent the collision of vessels at sea. The Pennsylvania, *86 U.S. 125 (1873).*  When a vessel fails to adhere to the requirements of a statutory rule such as 33 C.F.R. § 83.22  and  § 83.34 there exists a presumption that the violation(s) were  at least  contributing causes for the collision between two vessels and the burden shifts to the defendant to show that the violation(s) **could not have been the cause**. See, Parks, Alex L., *The Law of Tug, Tow and Pilotage*, 3rd Ed., Cornell Maritime Press, 1994 (emphasis added.)

Since the Pennsylvania Rule places a heavy burden on defendants, it is limited to the violation of a statute intended to prevent the catastrophe which actually transpired … Three elements must exist for the Pennsylvania Rule to apply: (1) proof by a preponderance of the evidence of a violation of a statute or

regulation that imposes a mandatory duty; (2) the statute or regulation must involve marine safety or navigation; and (3) the injury suffered must be of a nature that the statute or regulation was intended to prevent*.*   See, *Dover Barge Company v. Tug "CROW"* (S.D.N.Y. 2009).

Here, decedent failed to display the appropriate lights aboard *Haven* as required for a sailing vessel under power at night. (33 C.F.R. § 83.22), *Undisputed Fact 9*, and failed to sound the appropriate sound signals for a vessel navigating Inland waters. 33 C.F.R. § 83.34. *Undisputed Fact 10*.

Decedents failure to display appropriate lights for a sailing vessel operating under auxiliary power was a breach of Decedent's duty to comply with statutory Navigational rules intended to prevent collisions and the injury suffered was a maritime collision between two vessels, ostensibly the exact scenario that the rules were intended to prevent. Accordingly, it is clear that the Pennsylvania Rule applies and Adams is entitled to judgment as a matter of law because decedent Sokol's breach of 33 C.F.R § 83.22 and 83.34 is undisputed in the record. *Undisputed Fact 9 and 10*. That failure led to Plaintiff Adams's injuries, See *Undisputed Facts 11-14*, thus he is entitled to Judgment as a Matter of Law on these specific breaches of duty of Count II of the amended complaint, which were the proximate cause of his damages.

## V.   Conclusion

It is abundantly clear from the undisputed record before the Court, that there is no genuine issue of material fact that Sokol breached his duty by failing to illuminate the Masthead Light on *HAVEN* in violation of 33 C.F.R. § 83.22, *Undisputed Fact 9*. Further, there is no genuine issue of material fact that the failure to illuminate the Masthead light, as required, did contribute to the collision.  Finally, there is no genuine issue of material fact that Sokol breached his duty by failing to properly, make sound signal as required by 33 C.F.R. § 83.34. *Undisputed Fact 10*. There is no genuine issue of material fact that Adams was, under all possible definitions, guest aboard *HAVEN* and that Sokol owed Adams a duty of reasonable care in the proper and safe operation of *HAVEN* and Sokol breached that duty.  The breach of

said duty was the proximate cause of Plaintiff's damages.  Accordingly, as a matter of law Adams is entitled to Partial Summary Judgment on Count II.

WHEREFORE, for the reasons cited above, there is no genuine issue of material fact and Adams is entitled to partial judgment as a matter of law in favor of Adams on Count II of the Verified Complaint, and as further indicated in the attached proposed order.

Respectfully Submitted this
9th day of December, 2019.

*/S/ Todd D. Lochner*
Todd D. Lochner (Bar No. 25691)
Lochner Law Firm, P.C.
91 Main St., 4th Floor
Annapolis, MD 21401
T: (443) 716-4400
F: (443) 716-4405
tlochner@boatinglaw.com

*Attorneys for Adams Ventures, LLC*

## CERTIFICATE OF SERVICE

I certify that on December 9, 2019, I caused the foregoing to be filed on this Court's CM/ECF system to be served on all record counsel.

*/S/ Todd Lochner*
Todd Lochner