## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**

February 20, 2020

LETTER TO COUNSEL

      RE:    *Adams v. Sokol,* Civil No. SAG-18-2245

Dear Counsel:

      I am in receipt of Plaintiff's Motion for Partial Summary Judgment on Count II ("the Motion"), ECF 53, Defendant's Opposition, ECF 57, and Plaintiff's Reply, ECF 58. I have reviewed the filings, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, the Motion is denied without prejudice.

      In this case, Plaintiff seeks compensation for injuries he suffered in a boating accident on or about July 23, 2015. ECF 1-1. In the Motion, Plaintiff seeks summary judgment on the basis that the now-deceased operator of the vessel, Defendant John Sokol, violated 33 C.F.R. §§ 83.22 and 83.34, which require vessel operators to display required navigational lights at night, and to sound required sound signals when navigating Inland waters, respectively. *See* ECF 53-2 at 4-5.

      Summary judgment is appropriate "only where it is perfectly clear that there is no dispute about either the facts of the controversy or the inferences to be drawn from such facts." *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). To obtain summary judgment, a movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

      The factual record adduced by Plaintiff does not come close to meeting the required standard for summary judgment as to the two issues presented: Did the sailing vessel ("the Haven") (1) display the required masthead light or (2) sound the required sound signals before the collision? *See* ECF 53-2 at 4-5. With Sokol, the operator of the Haven, now deceased, ECF 30, and with Plaintiff unable to speak definitively about either issue, only one actual eyewitness to the incident remains available: Captain William G. Fers, the relief captain of the vessel that collided with the Haven. Fers has not yet been deposed by either party. *See* ECF 58 at 4.

      As to the first issue, the masthead light, Plaintiff rests his Motion on the deposition testimony of his expert witness, John Martino. Martino testified that he spoke with Fers, who told him that he only saw a red light on the Haven before the crash. ECF 53-5 at 65:6-19 (Martino Dep.). Martino further testified, however, that he did not know where the red light was located on the Haven. *Id.* at 65:20-22 ("I haven't visited the Haven."). He also testified that he did not ask Fers specifically "whether he saw or looked for masthead light." ECF 57-3 at 64:18-22.

*Adams v. Sokol,*
Civil No. SAG-18-2245
February 20, 2020
Page 2

Fed. R. Civ. P. 56(c)(1) permits a party to rely on depositions to support a summary judgment motion, but Rule 56(c)(2) permits the opponent to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Here, Defendant specifically objects to the use of Martino's testimony about his conversation with Fers, on the grounds that "the hearsay declarant's testimony is unsupported by anything that would be admissible at trial." ECF 57 at 9.  I agree that, on the current record, Martino's testimony about his conversation with Fers will not be admissible at trial, because Fers's hearsay statements do not satisfy any hearsay exception.  Plaintiff asserts that Federal Rule of Evidence 703 permits hearsay evidence to come before a jury when it forms the basis of expert testimony.  Even assuming that Fers's hearsay statements would satisfy Rule 703's demanding balancing test at trial, the jury could only consider them for the purpose of weighing the validity of the Martino's expert opinion, not as substantive evidence.  *See* Fed. R. Evid. 703 advisory committee's note to 2000 amendments ("If the otherwise inadmissible information is admitted under this balancing test, the trial judge must give a limiting instruction upon request, informing the jury that the underlying information must not be used for substantive purposes.).  Further, setting this issue aside altogether, the hearsay information Martino elicited from Fers[1] is indefinite at best, and still leaves a genuine issue of material fact present.  I cannot conclude, on the basis of Martino's testimony, that Fers would testify that he looked for, but did not see, a masthead light on the Haven before the crash.

The evidence relating to the Haven's sounding of sound signals is even more muddled. Plaintiff proffers no evidence, hearsay or otherwise, from Fers or any witness present at the scene about whether the Haven appropriately sounded its signals.  Plaintiff cites only to the testimony of Captain DiNapoli, the defense's expert witness, who specifically and repeatedly testified that he did not know whether the Haven had sounded any signals.  ECF 53-4 at 158:8-13 ("I don't know whether they did or not."); *id.* at 157:6-8 ("He should've sounded one blast to starboard, if he did not.  I don't know whether he did or not.").  Thus, a genuine issue of material fact remains as to whether Sokol issued the required soundings, precluding the entry of summary judgment.

On the current record, it is not "perfectly clear" that the Haven failed to display its masthead light, or that it failed to sound appropriate signals, precluding summary judgment in Plaintiff's favor.  *See Morrison*, 601 F.2d at 141.  Therefore, for the reasons stated above, Plaintiff's Motion, ECF 53, will be DENIED WITHOUT PREJUDICE.  Plaintiff may refile his Motion if Fers's eventual deposition results in admissible evidence substantiating his claims.  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

[1] Defendant alleges that Martino did not know Fers's name, and could not confirm that he was speaking with the actual relief captain.  However, Defendant cites no deposition testimony or other evidence to support that assertion.  ECF 57 at 10 n.2.